IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

v.    CRIMINAL NO. 1:22-cr-27-TBM-RPM

**BILLIE RAY JOHNSON**

### ORDER

Now before the Court is Defendant Billie Ray Johnson's Motion for Reconsideration [33] of the Court's Order [31] denying Johnson's Motion to Reduce Sentence under Sentencing Guidelines Amendment 821—Part A. The Government has not filed a response. Upon review of Johnson's Motion, the record, and the applicable legal authority, the Court finds that Johnson's Motion for Reconsideration [33] should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Johnson's current term of incarceration results from his conviction on the single count Indictment for possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1) and § 924(a)(2). Johnson was sentenced to a term of 39 months imprisonment. On February 9, 2024, this Court denied Jonson a sentence reduction under 2023 U.S.S.C. Amendment 821. He now seeks reconsideration of that decision and asks the Court to lower his criminal history points. Specifically, Johnson argues that under Amendment 821—Part A, "the two criminal history points added at sentencing in 2022 would *not* be added if Mr. Johnson [was] sentenced today." [33], pg. 3. He further argues that, under this amendment, his criminal history category should be reduced from IV to III with a guideline range of 30 to 37 months. *Id*.

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Johnson's Motion for Reconsideration is merely a form motion with no mention of what this Court must consider. Without more, his Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, he does not present the Court with newly discovered evidence, nor does he argue that such evidence exists. Second, he does not argue that there was any intervening change in the law. Finally, he does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration. Instead, Johnson simply argues that the Court should resentence him to avoid "unwanted sentencing disparities." And Johnson does not point to any specific defendant who is

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

similarly situated in terms of specific conduct and history. Further, even if it were assumed there were some type of minor disparity, upon consideration of the Section 3553 factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that he is not entitled to a reduction in sentence. As discussed at sentencing, Johnson has a number of prior convictions or juvenile adjudications, including burglary of a dwelling at the age of 14, probation violation at the age of 15, burglary of a dwelling at the age of 17, and simple assault by threat at the age of 18, and armed robbery at the age of 19. The Court also noted at sentencing that Johnson has been incarcerated for the majority of his twenties, and then committed the instant offense for which he was sentenced at the age of 28. Finally, at the time of sentencing, the Court stated that it would have imposed the same sentence, regardless of the Guideline calculations, as a variance or non-Guidelines sentence based upon the relevant Section 3553 factors.

Therefore, after careful consideration of the record, Johnson's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Johnson, the Court finds that Johnson's original sentence of 39 months is appropriate. Johnson's Motion for Reconsideration [33] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Billie Ray Johnson's Motion for Reconsideration [33] is DENIED.

This, the 24th day of July, 2024.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE